**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

ROGER MORRISON (# 26705)                                          PLAINTIFF

v.                                                                No. 4:07CV149-M-A

CHRISTOPHER EPPS, ET AL.                                          DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Roger Morrison,

who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of

the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed

this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a

claim upon which relief could be granted.

### Factual Allegations

The plaintiff, a state prisoner who was, at the time of these events, housed in Unit 29-G of

the Mississippi State Penitentiary, requested to see a doctor for flu-like symptoms. A guard took

the plaintiff to the medical clinic at Unit 29, and the doctor there prescribed Chlorpheniramine

(for congestion) and Amoxicillin (to combat bacterial infection). Some days later, on April 20,

2007, the Field Operations staff arrived at Unit 29-G to get inmates for work detail. The plaintiff

did not go to work because he still did not feel well, and the cold medicine had left him drowsy.

A corrections officer asked the plaintiff why he did not attend work detail, and the plaintiff

explained. The corrections officer then issued the plaintiff a Rule Violation Report for refusing

to go to work. The plaintiff offered the same explanation to the disciplinary committee

investigator. At a hearing on the matter, the plaintiff was found guilty of the violation. The

guilty finding, coupled with previous rule violations, led to the plaintiff's placement in segregation as part of the Objective Classification System used by the Mississippi Department of Corrections.

### *Sandin*

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the court concludes that the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. As the Court noted, "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id.* at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id.*, the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In this case, the plaintiff has been placed in segregation, apparently as an indirect result of the finding of guilty on the instant rule violation. Nothing about the plaintiff's housing in

segregation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). Instead, the discipline fell "within the expected parameters of the sentence imposed by a court of law." *Id.* at 2301. As such, the plaintiff's punishment and downgraded custody level do not rise to the level of a constitutional violation, and the plaintiff's claims shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 17th day of September, 2007.

**/s/ Michael P. Mills**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**